**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-50300

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

                        Plaintiff - Appellee,

versus

ANDRE LEVERT POLK, also known as Milton
Johnson, also known as Andre Polk,

                        Defendant - Appellant.

_____

Appeal from the United States District Court
For the Western District of Texas
(MO-96-CR-135-2)
_____

February 17, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Andre Levert Polk appeals his sentence following conviction
for aiding and abetting and conspiracy to commit fraud and related
activity in connection with access devices (credit card fraud).  He
contends the district court erroneously applied the sentencing
guidelines in determining his sentence and ordered an excessive
amount of restitution.  We conclude that the court did not abuse

---

     [*]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

its discretion in applying § 5K2.3 to depart upwardly from the guidelines on the basis of psychological injury. *See United States v. Wells*, 101 F.3d 370 (5th Cir. 1996). Furthermore, the district court's findings regarding the amount of loss attributed to Polk for purposes of establishing his offense level under § 2F1.1 were not clearly erroneous. *See* U.S.S.G. § 2F1.1, comment. (n.8); *United States v. Krenning*, 93 F.3d 1257, 1269 (5th Cir. 1996). With regard to his other claims of error in sentencing, Polk has failed to show plain error in the district court's sentencing determinations, to which he did not object below. *See United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). Finally, Polk has failed to demonstrate abuse of discretion with respect to the district court's order of restitution. *See United States v. Ismoila*, 100 F.3d 380, 398-99 (5th Cir. 1996); *United States v. Aubin*, 87 F.3d 141, 150 (5th Cir. 1996), *cert. denied*, ___U.S.___, 117 S. Ct. 965, 136 L. Ed. 2d 850 (1997).

AFFIRMED.